**Monzur AHMED, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71224.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2005.\*\*

Decided Feb. 23, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Judith L. Wood, Esq., Law Office of Judith Wood Human Rights Project, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Suzanne N. Nardone, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD and WARDLAW, Circuit Judges, and COLLINS,*** District Judge.

### MEMORANDUM ****

Monzur Ahmed is a native and citizen of Bangladesh. Ahmed appeals the denial of his petition for asylum and withholding. We deny his petition.

Substantial evidence supports the Immigration Judge's ("IJ") adverse credibility finding. The IJ noted significant discrepancies between Ahmed's accounts of the timing of the attacks against him as set forth in his asylum application and those described in his oral testimony that go to the heart of his claim. *See Shire v. Ashcroft*, 388 F.3d 1288, 1296–97 (9th Cir.

2004). For example, in his asylum application, Ahmed's sworn statement declares that he joined the BNP because he had been beaten by members of opposing political parties who "used to scare [him] with guns and knives" and tell him that "[t]hey would do the same to [his] family." This contradicts his testimony before the IJ, where he affirmatively stated on several occasions that he had never been harmed by anyone *prior* to joining the BNP. Ahmed tried to explain this discrepancy, saying that he could not remember every incident. The IJ correctly found however, that forgetting that he was beaten and that his family was threatened with knives and guns is not a "minor memory lapse." *Cf. Shire*, 388 F.3d at 1295.

The lynchpin of Ahmed's claim of persecution is a campus attack that allegedly occurred in 1994. In his asylum application, he related that he had stayed late on campus one day and was attacked by student groups and beaten along with a few teachers. In his testimony before the IJ, however, Ahmed said that the 1994 attack occurred because members of the opposition parties came to campus to kill him specifically, had guns, and shot one of his friends in the arm. Although he was referring to the same incident, Ahmed did not mention being beaten by the mob in his oral testimony. These accounts vary significantly as to 1) whether Ahmed was caught up in campus violence along with a few teachers or was the victim of a targeted attack; 2) whether Ahmed was beaten; and 3) whether there were guns involved, including an alleged shooting injury to Ahmed's close friend. Thus the IJ supported his adverse credibility finding with "specific cogent reasons, which are sub-

*** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stantial and bear a legitimate nexus to the [adverse credibility] finding." *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

As there is substantial evidence to support the adverse credibility determination, we do not address whether Ahmed's testimony, if deemed truthful, would support a case for asylum or withholding.

**PETITION DENIED.**